MISSOURI PACIFIC TRANSPORTATION COMPANY *v.* ALLEN.

4-7523                                      184 S. W. 2d 961

Opinion delivered February 5, 1945.

*Barber, Henry & Thurman,* for appellant.

*G. W. Lookadoo,* for appellee.

GRIFFIN SMITH, Chief Justice. Fannie Allen, 71 years of age, was injured when appellant's bus backed in such manner as to engage the rear bumper of an automobile driven by the plaintiff's son, into which she was attempting to enter. The appeal is from a judgment for $3,000 based on a jury's verdict.

Errors complained of are (1) Instruction No. 1, (2) lack of substantial evidence, and (3) an excessive verdict.

Objection to the instruction was that it unduly emphasized testimony upon which the plaintiff relied; also that it was abstract.[1]

It is true that certain alleged acts of the defendant upon which the plaintiff based her suit were mentioned in the instructions, but there was testimony as to each. If it should be conceded that the defendant's cause might have been better served by a shorter instruction, still, within certain limitations too well known to call for repetition here, discretion rests with the trial court in the matter of phraseology, and unless some rule of law is violated and prejudice results, a judgment will not be reversed merely because the reviewing tribunal would have employed a different expression.

Appellant thinks that because the so-called factual story told by appellee and some of her witnesses appears improbable there was want of substantial evidence. This would be true if, as distinguished from substantive testimony, the jury did not pass upon credibility of witnesses. But it does, and results reached in the case at bar indicate that Fannie Allen's version was believed. Whatever doubt may have existed appears to have been resolved in favor of the plaintiff, and we cannot say that impossibilities were stated and that the evidence lacked the essential quality of substantiality.

[1] ". . . If you find from a preponderance of the evidence that the plaintiff while attempting to or about to get into her son's car while said car was parked at the usual and customary place for cars to park at Whelen Springs and said car was parked in the usual and customary manner, defendant's bus driver backed defendant's bus back and cut the front wheels of said bus causing the front end of the bus to come over toward the car and that the front bumper of the bus hooked or caught the rear bumper of the car that plaintiff was about to board and that when these bumpers caught, it jerked the car that plaintiff was about to board backward and that the door of said car caught and struck the plaintiff and knocked her down and injured her, as alleged in her complaint, and you further find from the preponderance of the evidence that the bus had plenty of room to back up and out of the place where it had stopped without hitting this car, and you further find from a preponderance of the evidence the cutting of the front end of the bus caused the striking of the car and pulling it backward and that this was negligence as defined in other instructions, it will be your duty to find for the plaintiff, provided you find from a preponderance of the evidence that plaintiff was guilty of no negligence."

Dr. J. N. Pate testified regarding injuries. Appellee had a dislocated shoulder, a broken collar bone,[2] and bodily bruises were attended by swelling. When asked what condition the subject's back was in, Dr. Pate replied: "It was so tender—and it was so painful—[that it was difficult to determine] what damage had been done to the back. She had to be helped into the office. I 'reduced' the dislocation and gave her pain medicine for that. . . . She suffered lots; couldn't move 'that' arm at all [on account of shoulder injury]. . . . In my opinion she will never have any usable use of her right shoulder and right arm."

In connection with the circumstance that Dr. Pate did not see the patient until five days after injury, he testified that physical evidence was such that total disability could not have been of long duration.

We think the Doctor's testimony, and other evidence as to the extent of injury and probable duration of disability were sufficient to justify the amount recovered. If, as the injured woman testified (confirmed by Dr. Pate) she "was spitting up some blood," effect of the trauma was more than passive.

Affirmed.

---

[2] Because counsel had stipulated that no bones were broken, testimony that the plaintiff's collar bone had been broken was ruled out.